USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

GIORGI BULEISHVILI,

            Defendant.

No. 14-cr-773 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On July 6, 2017, Defendant Giorgi Buleishvili was sentenced to 34-months imprisonment and a three-year supervised release term. Dkt. 383. Mr. Buleishvili did not file a notice of appeal. On April 22, 2020, Mr. Buleishvili, proceeding *pro se*, filed a motion requesting leave to file a late notice of appeal based on alleged ineffective assistance of counsel.[1] Dkt. 458. In an Order filed on April 27, the Court explained that "the time prescribed for [Mr. Buleishvili] to file a notice of appeal had long passed" and its "authority under Rule 4(b)(4) to grant an extension of time is limited, such that it cannot grant this request nearly three years after the deadline has passed." Dkt. 462. Nonetheless, the Court gave Mr. Buleishvili the opportunity to consent to the recharacterization of his claim as a petition for habeas corpus pursuant to 28 U.S.C. § 2255 by May 15. *Id.* (citing *United States v. Wright*, 945 F.3d 677, 686-87 (2d Cir. 2019) and *United States v. Kinyua*, No. 02-cr-173 (DLC), 2002 WL 31357700, at *2 (S.D.N.Y. Oct. 17, 2002)). On May 11, Mr. Buleishvili's immigration attorney e-mailed Chambers a letter from Mr. Buleishvili. In his letter, Mr. Buleishvili, who is still proceeding *pro se*, "request[ed] that the Court please appoint counsel to consult with [him] on the issue posed by the Court and to respond to the Court's inquiry." Dkt. 470.[2] He

---

[1] This motion was docketed on April 22, 2020 and thus brought to the Court's attention at that time. However, the first page of the motion, entitled "Notice of Motion for Leave to File Late Notice of Appeal," is dated February 26, 2020. *See* Dkt. 458.

[2] After receiving his letter by e-mail, the Court filed it so it would appear on the docket.

explained that he "cannot make this important and significant decision without advice from an experienced federal criminal appellate attorney," but "cannot afford to retain appellate counsel." *Id.*

As an initial matter, the Court already informed Mr. Buleishvili that it could not grant his request to file a late notice of appeal. Dkt. 462. Mr. Buleishvili's request for appointment of *pro bono* appellate counsel must therefore be denied.

Nonetheless, the Court interprets Mr. Buleishvili's letter to also request the appointment of counsel to assist him in deciding whether to convert the claim raised in his April 22nd motion to a habeas motion and then potentially with bringing that motion. In civil cases, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.*; *see also Garavito-Garcia v. United States*, No. 17 Civ. 5798 (JSR) (SLC), 2019 WL 5960207, at *2 (S.D.N.Y. Nov. 13, 2019) ("Because there is no constitutional right to representation in a habeas action, it is in the Court's discretion whether to appoint pro bono counsel."). Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, for instance, the Court may request counsel for a habeas petitioner where "the interests of justice so require." In considering whether to grant an indigent litigant's request for *pro bono* counsel, a district court considers the merits of the case, the litigant's efforts to obtain a lawyer, and the litigant's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam); *Hodge*, 802 F.2d at 60-62. The Second Circuit has urged courts, when reviewing an application for *pro bono* counsel in the habeas context, to "consider the scarcity of volunteer attorneys and the allocation of that resource." *Mitchell v. Breslin*, No. 01-CV-5220 (KMW), 2002 WL 31255076, at *2 (S.D.N.Y. Oct. 8, 2002).

Here, Mr. Buleishvili asserts that he "cannot afford to retain" counsel, and yet he "feel[s] that [he] cannot make this important and significant decision without advice" from a lawyer. Dkt. 462. While the Court is sympathetic to Mr. Buleishvili's situation, his application does not contain

2

sufficient detail to establish that the interests of justice necessitate appointment of counsel. For instance, he had not made a showing of his financial status. Moreover, he has not offered sufficient detail about his claim. The Second Circuit has cautioned that appointing "counsel is often unwarranted where the indigent's chances of success are extremely slim." *Hodge*, 802 F.2d at 60. This is particularly true here, where Mr. Buleishvili seems to request counsel for assistance in deciding whether to bring a habeas motion, and not specifically for litigating that potential motion. Accordingly, Mr. Buleishvili's request for the appointment of counsel is denied without prejudice to renewal at a later date if additional grounds for the application are presented to the Court. If he renews his application, Mr. Buleishvili is advised to provide details bearing on the merits of his request, his efforts to obtain a lawyer, and how his condition affects his ability to represent himself in this proceeding.

In accordance with this Order, the Court will extend Mr. Buleishvili's time to inform the Court whether he consents to the recharacterization of his claim as a § 2255 motion to **June 19, 2020**. If Mr. Buleishvili consents, he has until **July 10, 2020** to supplement his claim. Any Government opposition is now due **August 7, 2020**. As the Court noted in its April 27th Order, if Mr. Buleishvili does not consent to the recharacterization of his claim as a § 2255 motion, the Court will deny the claim raised in his April 22nd letter. Dkt. 458.

SO ORDERED.

Dated:   May 20, 2020
         New York, New York

                                                          _____
                                                          Ronnie Abrams
                                                          United States District Judge